**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **WAKEEL ABDUL-SABUR** | ) | **CASE NO. 7:20CV00153** |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | **By: Glen E. Conrad** |
| | ) | **Senior United States District Judge** |
| **Respondent.** | ) | |

Petitioner, Wakeel Abdul-Sabur, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Abdul-Sabur challenges his future confinement under the sentence imposed by this court on May 31, 2000, Case No. 6:99CR30073. Upon review of the record, the court concludes that the petition must be summarily dismissed.

I.

Abdul-Sabur is currently serving state prison sentences for convictions under Virginia law. On March 8, 2000, Abdul-Sabur pleaded guilty in this court, pursuant to a written plea agreement, to one count of mailing a threatening communication while incarcerated, in violation of 18 U.S.C. § 876. The presentence investigation report found that Abdul-Sabur qualified as a career offender under USSG § 4B1.1, because his instant offense qualified as a crime of violence, as defined by USSG § 4B1.2(a), and he had at least two prior felony convictions for crimes of violence. The career offender designation increased Abdul-Sabur's offense level by four points, resulting in a sentencing guideline range of 37 to 46 months in prison. Judge Norman K. Moon, to whom the criminal case was assigned, sentenced him to 46 months in prison to be served consecutive to any other sentence. Abdul-Sabur's direct appeal and motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 were unsuccessful.

In March of 2018, Abdul-Sabur filed a § 2241 petition, contending that neither his conviction under 18 U.S.C. § 876 nor his prior convictions used as predicates for the career offender enhancement are categorically crimes of violence, in light of Mathis v. United States, __U.S.__, 136 S. Ct. 2243 (2016) and Johnson v. United States, __U.S.__, 135 S. Ct. 2551 (2015).  Upon finding that Mathis did not change the legal landscape under which Abdul-Sabur was sentenced, this court denied relief.  See Abdul-Sabur v. United States, No. 7:18CV00107, 2019 WL 4040697 (W.D. Va. Aug. 27, 2019), aff'd, 794 F. App'x 320 (4th Cir. 2020).

In March of 2020, Abdul-Sabur filed the instant petition under § 2241, again contending that the court should revisit his sentence as fundamentally defective under Mathis and Johnson. He also contends that his plea agreement foreclosed the application of the career offender enhancement.

II.

A prisoner must generally file a motion under § 2255 to collaterally attack the legality of his detention under a federal conviction or sentence.  28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974).  A district court cannot entertain a petition for a writ of habeas corpus under § 2241 challenging the validity of an inmate's detention under a federal court judgment unless a motion pursuant to 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of [that inmate's] detention."  28 U.S.C. § 2255(e) ("the savings clause"); United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018), cert. denied, 139 S. Ct. 1316 (2019) (holding that satisfaction of the savings clause in § 2255(e) is "jurisdictional" and thus determines whether § 2241 petition can be entertained at all).

The United States Court of Appeals for the Fourth Circuit has concluded

> that § 2255 is inadequate and ineffective to test the legality of a <u>conviction</u> when: (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). Abdul-Sabur identifies no change in settled law since his conviction and his § 2255 motion that decriminalized his offense conduct—mailing a threatening communication while incarcerated. Therefore, he cannot bring the proposed challenge to his guilty plea under § 2241 and the savings clause.

The Fourth Circuit has set an even more stringent standard under which a § 2255 motion is inadequate and ineffective to test the legality of a <u>sentence</u>. The defendant must show that:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

<u>Wheeler</u>, 886 F.3d at 429. As the court found in dismissing Abdul-Sabur's prior § 2241 petition, his sentence challenge fails under the second <u>Wheeler</u> factor, because <u>Mathis</u> did not change settled substantive law. <u>Abdul-Sabur</u>, 2019 WL 4040697, at *3; <u>see also</u> <u>Hill v. Warden of Lee County, U.S.P.</u>, No. 7:18-cv-00166-EKD, 2020 WL 908125, at *6 (W.D. Va. Feb. 25, 2020) (dismissing <u>habeas</u> petition under § 2241 for lack of subject matter jurisdiction in part because petitioner had raised same arguments in previous petition); <u>cf.</u> <u>Queen v. O'Brien</u>, No. 7:09-cv-00173-JLK, 2009 WL 4110302, at *3 (W.D. Va. Nov. 25, 2009) (dismissing <u>habeas</u> petition as

abuse of the writ because petitioner's "claims already have been adjudicated in petitioner's prior petition").

For the stated reasons, Abdul-Sabur does not qualify for relief under § 2241 and the savings clause of § 2255(e).   Accordingly, while the court will grant his motion to expedite review of his petition, the court will summarily dismiss the petition without prejudice for lack of jurisdiction..   An appropriate order will enter this day.

The clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

**ENTER**:  This _21st_ day of April, 2020.

_____
Senior United States District Judge