## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **WAKEEL ABDUL-SABUR,** | ) | **CASE NO. 7:20CV00153** |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **By:  Glen E. Conrad** |
| | ) | **Senior United States District Judge** |
| Respondent. | ) | |

Petitioner Wakeel Abdul-Sabur, a Virginia inmate proceeding pro se, moves for reconsideration of the court's previous decision dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241.  The court concludes that the motion must be denied.

In this case, Abdul-Sabur has contended that he is entitled to be resentenced in this court in Case No. 6:99CR30073.  Specifically, he has argued that post-conviction decisions have rendered his career offender sentence fundamentally defective so that he is entitled to sentencing relief under § 2241; In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000); and United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), cert. denied, 139 S. Ct. 1316 (2019).  The court has found no merit to his arguments.  Accordingly, the court summarily dismissed the petition, finding that Abdul-Sabur did not state facts demonstrating under Jones or Wheeler that this court has jurisdiction to address his sentence challenge in a § 2241 action.  Abdul-Sabur v. United States, No. 7:20CV00153, 2020 WL 1929138 (W.D. Va. Apr. 21, 2020).

Because Abdul-Sabur filed his current motion within twenty-eight days of the judgment dismissing his petition, the court will consider it as a motion to alter or amend the judgment in this civil case, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  "The Rule gives a district court the chance to rectify its own mistakes in the period immediately following its decision."  Banister v. Davis, __U.S.__, 140 S. Ct. 1698, 1703 (2020) (internal quotation marks

and citations omitted).  In considering such motions, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued.  The motion is therefore tightly tied to the underlying judgment." Id. (citations omitted).

In Abdul-Sabur's current submissions, ECF Nos. 7-8, he does not demonstrate any error in the court's dismissal opinion.  He merely reiterates arguments from his petition that the court has already considered and presents additional evidence that could have been included in his petition.  In so doing, he still fails to demonstrate that this court has jurisdiction, under the stringent requirements for post-conviction relief established in Jones and Wheeler, to address his habeas claims in a § 2241 petition.  Accordingly, the court must deny the Rule 59(e) motion.  An appropriate order will enter this day.

The clerk will mail copies of this memorandum opinion and the accompanying order to Abdul-Sabur.

**ENTER**:  This  21st  day of July, 2020.

_____
Senior United States District Judge